IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-378-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ERIC LAMONT WADE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion for compassionate release (DE 162) pursuant to 18 U.S.C. § 3582(c)(1)(A). The government did not respond to the motion and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On April 10, 2017, defendant pleaded guilty, with a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one); and Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2 (count eight). The court sentenced defendant to an aggregate term of 120 months' imprisonment and three years' supervised release. Defendant now moves for compassionate release, arguing that his risk of contracting COVID-19 and suffering severe health complications justifies early release from his custodial sentence. In addition, defendant argues he should be released because the court committed various errors during his plea and sentencing proceedings and where he allegedly received ineffective assistance of counsel.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed.

18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020).[1] The court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. See Kibble, 992 F.3d at 330–32; McCoy, 981 F.3d at 275; see also United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020).

Here, defendant seeks compassionate release based on alleged sentencing errors,[2]

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

[2] The court observes that defendant's reliance on United States v. Lewis, 18 F.4th 743 (4th Cir. 2021) is misplaced. Lewis addresses the standard for applying sentence enhancement under U.S.S.G. § 2B3.1(b)(3)(A), which provides for two-level enhancement when a robbery victim sustains bodily injury. Here, the court applied the enhancement because the victims' injuries required medical attention. (PSR (DE 103) ¶¶ 19, 26). And unlike the situation in Lewis, defendant did not challenge application of this enhancement at sentencing, and thus the government was not required to provide the victims' medical records or otherwise demonstrate that medical attention was more

2

jurisdictional challenges to his convictions, ineffective assistance of counsel, and where the government allegedly breached an agreement to seek a sentence reduction. Defendant, however, cannot challenge his conviction or sentence in a motion for compassionate release. See United States v. Ferguson, 55 F.4th 262, 272 (4th Cir. 2002). The appropriate forum for addressing these issues is direct appeal or a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. See id. at 270–71. Accordingly, the alleged errors related to defendant's conviction or sentence do not establish grounds for compassionate release.

Defendant next argues that his risk of infection with COVID-19 in a custodial setting and the accompanying risk of suffering severe complications from the disease due to his underlying health issues together constitute extraordinary and compelling reasons for compassionate release. The court will assume without deciding that these circumstances establish extraordinary and compelling reasons for compassionate release. See United States v. High, 997 F.3d 181, 186–87 (4th Cir. 2021).

The § 3553(a) factors, however, weigh heavily against granting compassionate release. Defendant committed numerous violent robberies during the instant offense, and he has a lengthy and violent criminal history. Although the court commends defendant for his rehabilitative efforts in custody, these efforts do not justify a sentence reduction when weighed against the offense conduct and criminal history. A sentence below 120 months would not accomplish the goals of sentencing, even when reconsidered in light of defendant's risk of contracting COVID-19 and his post-sentencing conduct. See Kibble, 992 F.3d at 332.

Having fully considered defendant's risk of infection with COVID-19 and his arguments

---

than precautionary. Compare Lewis, 18 F.4th at 750–53.

for a sentence reduction, together with the full record of this case in light of the § 3553(a) factors, the court finds the current sentence remains necessary to reflect the seriousness of the offense conduct, promote respect for the law, protect the public from further crimes of defendant, and provide general and specific deterrence to criminal conduct.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 162) is DENIED.

SO ORDERED, this the 29th day of June, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge